1  LAWRENCE G. TOWNSEND (SBN 88184)
   LAW OFFICES OF LAWRENCE G. TOWNSEND
2  One Concord Center
   2300 Clayton Road, Suite 1400
3  Concord, California 94520
   Telephone:  415.882.3290
4  Facsimile:   415.882.3232
   Email: ltownsend@owe.com
5
   Attorney for Plaintiff
6  DAVID GORDON OPPENHEIMER

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | DAVID GORDON OPPENHEIMER,        | Case No.
   | an individual,                   |
12 |                                  | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**
   |         Plaintiff,               |
13 |                                  | **DEMAND FOR JURY TRIAL**
   |    vs.                           |
14 |                                  |
   | LIVE NATION ENTERTAINMENT,       |
15 | INC., a Delaware corporation     |
   |                                  |
16 |         Defendant.               |

17

18     Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), for his
19 complaint against Defendant, Live Nation Entertainment, Inc. ("Defendant" or
20 "Defendants"), alleges:
21
                              **THE PARTIES**
22
23     1.    Plaintiff is a citizen of North Carolina engaged in the business of
24 professional photography and resides in and has a principal place of business in
25 Asheville, Buncombe County, North Carolina.
26     2.    Live Nation Entertainment, Inc. is a corporation organized and existing
27 under the laws of the State of Delaware, qualified to do business in California, and
28 with principal offices located in Los Angeles, California. AC Entertainment, LLC

was the owner of the Bonaroo Festival and the party to first infringe Plaintiff's copyright by displaying one or more of the Works, as defined hereafter. Plaintiff is informed and believes, and thereon alleges that Defendant Live Nation Entertainment, Inc. purchased all the assets of AC Entertainment in or about 2020 (the latter entity having been dissolved), and therefore said Defendant is liable for all the conduct alleged herein.

## INTRODUCTORY FACTS

3. Oppenheimer is a professional photographer, and is the author (photographer) of the aerial photographic images of the Bonnaroo Music Festival in Tennessee ("Photographs"), and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyright in said images at issue in this matter (the "Works" **Exhibit 1**).

4. Oppenheimer makes his photographic Work available for perusal and licensing online at his website http://performanceimpressions.com.

5. Plaintiff has complied in all respects with Title 17, U.S.C. § 102, *et seq.*, and all other laws governing federal copyright applicable to the Work and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration and the deposit photographs for the registration certificate, covering the subject photographs, bearing U.S. Copyright Registration No. VAu 1-133-970 effective June 19, 2013.

6. At all relevant times hereto, Plaintiff has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Works. Plaintiff's copyright in the above-described Work is presently valid and subsisting, was valid and subsisting from the moment of the Works' creation, and all conditions precedent to the filing of this suit have occurred.

7. For many years, it has been Plaintiff's custom and business practice to display his copyright management information ("CMI") on his copyrighted

photographs when they are first published or publicly displayed by him, and thereafter. When published or displayed by Plaintiff, the Work at issue in this case prominently displayed the CMI in the caption, with a facial watermark, and/or embedded in the metadata of the Work. Thus, Defendants were on notice that the Work was copyright protected, and they were provided identifying material and means for contacting Plaintiff to obtain a license.

8. Plaintiff is informed and believes and thereon alleges that all times relevant hereto, each of the Defendants, named or to be named, was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, altder-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

9. Within three (3) years of filing suit, one or more of the Defendants, or someone at their direction, infringed his copyrights by distributing, displaying and/or publishing (or directing others to do so) the Works on the website, www.acentertainment.com for the purpose of advertising and marketing Defendants' entertainment offerings.

10. The Works were displayed by Defendants on (at least) the following URLs:

http://acentertainment.com/category/festivals/

https://acentertainment.com/opportunities/

http://acentertainment.com/wp-content/uploads/2016/01/bonnaroo_news.jpg

https://acentertainment.com/wp-content/uploads/2016/03/whatwedo_website.jpg

Images of Defendants' website where the infringing images were displayed are attached hereto as Exhibit 3.

11. Plaintiff's attorney sent a formal letter identifying the infringing URLs demanding Defendant cease and desist from their ongoing infringement, and seeking information about the uses to which the Work had been put, etc

12. Through several other attempted communications with Defendant, it became clear that Defendant was uninterested in in avoiding litigation through a negotiated settlement, and so this suit was filed.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

13. Plaintiff re-alleges and incorporates paragraphs 1 – 12 above as if recited *verbatim*.

14. Defendants have non-willfully infringed Plaintiff's copyrights in and to the Works shown on **Exhibit 1** by scanning, copying, reproducing, distributing, displaying, publishing and/or otherwise using, unauthorized copies of said Works within the United States in violation of the Copyright Act inTitle 17.

15. Upon information and belief, Defendants have benefitted from infringements of the Works, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth in the Title 17.

### COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

16. Plaintiff re-alleges and incorporates paragraphs 1 – 15 above as if recited *verbatim*.

17. Alternatively, Defendants have recklessly/willfully infringed Plaintiff's copyrights in and to the Works shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing, displaying and/or otherwise using, unauthorized copies of said Works.

18. As is his pattern and practice, Oppenheimer had clearly marked copies of the Works with his CMI on the face of the Works, in legible captions adjacent to the Works where published or displayed, and embedded as metadata within the Works. Oppenheimer's facial CMI consists of visible and legible watermarks and are displayed on the face of the works on each copy that he publishes; CMI in the metadata includes notices of copyright, a declaration stating "All Rights Reserved," and usage licensing instructions in addition to Oppenheimer's address, phone number, email, and the Performance Impressions website URL; and CMI in adjacent captions contain additional notices of copyright. Plaintiff does this to distinguish his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title in them.

19. Upon information and belief, one or more of the Defendants, or a third party acting on their behalf, saw Plaintiff's copyright notice on the face of the images prior to scraping it from the World Wide Web, and uploading it to the website. Further, one or more of the Defendants, or someone on their behalf, removed or cropped out Plaintiff's copyright notice from the face of the Work before uploading and publishing, displaying, or distributing it. Therefore, because they had the opportunity to appreciate that Plaintiff was the sole author and owner of the Works, and still used them without license or authorization, Defendants recklessly/willfully infringed the Work.

20. Upon information and belief, one or more of the Defendants have benefitted from their infringements of the Works, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business,

reputation, and goodwill, and dilution in the marketplace; therefor, Plaintiff is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

### COUNT III – VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT

21. Plaintiff re-alleges and incorporates paragraphs 1 – 20 above as if recited *verbatim*.

22. As is his pattern and practice, Oppenheimer had clearly marked the Work with his CMI on the face of the Work, in legible captions adjacent to the Work where published, and embedded as metadata within the Work as alleged above. Oppenheimer does this to distinguish and identify his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title in them from legible facial watermarks, notices of copyright in captions adjacent to the Work where published, and from the metadata within the Work.

23. In accomplishing the infringements identified above, and upon information and belief, one or more of the Defendants, or a third party at their behest, intentionally removed or cropped out the facial CMI, including Plaintiff's name.

24. Upon information and belief, one or more of the Defendants distributed copies and/or derivatives of the Works knowing that such CMI had been removed or altered, all without authorization.

25. At the time that the CMI was removed or altered from the Plaintiff's Works, and at the time the Works were published, displayed, or distributed having had the CMI removed or altered, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Plaintiff's copyright.

26. Plaintiff is entitled to and seeks recovery of statutory damages from

Defendants not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1203(c)(3)(B).

27. Pursuant to 17 U.S.C. § 1203(b)(5), Plaintiff is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

28. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained actual damages or entitlement to Defendants' profits in an amount not yet ascertained, but which discovery will illuminate. Such entitlements include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages including for the DMCA violations; and attorneys' fees and costs.

## RELIEF REQUESTED

1. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Plaintiff's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the Work, and from using it in marketing or advertising;

2. That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all copies of the Works that infringe Plaintiff's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

3. That Defendants provide an accounting of all gains, profits and advantages derived by him as a result of the willful and unlawful acts of copyright infringement above-described;

4. That Defendants be ordered to pay over to Plaintiff his actual damages sustained, in addition to all their profits attributable to the infringements, and which

are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

    5.    In the alternative, and at Plaintiff's election, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 for the Work infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

    6.    That in addition to the above, Defendants be ordered to pay over to Plaintiff actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not taken into account in computing Plaintiff's actual damages – pursuant to 17 U.S.C. § 1203(c)(2);

    7.    That alternative to actual damages under the DMCA, and at Plaintiff's election, Defendants be: 1) ordered to pay to Plaintiff the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from employing, altering, cropping, mutilating or otherwise utilizing Plaintiff's copyrighted images or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1);

    8.    That Defendants be ordered to pay to Plaintiff all of his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505 and 17 U.S.C. §1203(b)(5); and

///
///
///
///
///
///
///
///

9. That Plaintiff recover judgment for such other and further relief as this court deems just and proper, including maximum pre- and post-judgment interest on all sums due.

Dated: November 2, 2023     LAW OFFICES OF LAWRENCE G. TOWNSEND

*s/Lawrence G. Townsend*
Lawrence G. Townsend
Attorney for Plaintiff
DAVID OPPENHEIMER

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 2, 2023     LAW OFFICES OF LAWRENCE G. TOWNSEND

*s/Lawrence G. Townsend*
Lawrence G. Townsend
Attorney for Plaintiff
DAVID OPPENHEIMER